equal proportions, during their natural lives; and upon the decease of his said three sons, said mill, etc. should pass to the male heirs of either of his said three sons, that should be the longest liver in the world: The three sons made partition of all the lands, except three acres, on which the mill stood; they rebuilt the mill and kept it in repair and paid an annuity of £5 to their mother. After the decease of Jonathan and Peter, their sons, who are the defendants, contributed to the repairs and shared the profits of said mill with their uncle, the plaintiff, and they had built a new mill by the side of the old one.

Two points were made upon the construction of this will: 1st, Whether upon the death of Jonathan and Peter, their interest in said mill vested in the plaintiff, being the survivor, or descended to their heirs until all three of the brothers, should be dead? 2d. Whether, as the devise of all the lands, on which the mill stood, was to all three of the sons in fee, it did not pass the whole interest in the mills, with the use of them, to said three sons; notwithstanding the particular bequest of the use to the male heirs of the longest liver.

The court and jury were clear for the defendants upon the first point, and it was not necessary then to determine the second. Verdict and judgment passed for the defendants.

---

**NEW LONDON COUNTY, MARCH TERM, A. D. 1780.**

### MANWARING V. TABOR.

A devise to a man and the heirs male of his body lawfully begotten is an estate tail.

ACTION of ejectment for a farm of land. The plea is not guilty. Issue to the jury.

The case was — Richard Manwaring, father of the plaintiff, in A. D. 1739 gave the demanded premises, by deed, to his

sons, in manner following, viz. to his son Asa and the heir. male of his body, lawfully begotten, and so on in like manner unto the fifth generation; and in failure of such heir male of his son Asa, to his son Richard and to his heir male of his body, etc. unto the fifth generation; and in failure of such heir male of his son Richard, to his son Henry and his heir male in like manner; and in failure of such heir male of his son Henry, to his son Christopher and his heir male of his body, lawfully begotten, in like manner. Richard and Henry died in the lifetime of Asa, without issue male; Asa, after the death of his father, entered and sold the estate to Daniels and Tinker, and they sold and conveyed it to the defendant. Finally, Asa died without heir male of his body, etc. or ever having had any; now Christopher claims the estate by force of said deed, and this action is brought to recover it.

And verdict and judgment was for the plaintiff, upon the ground that as Asa never had any heir male of his body, he had only his life in the estate, and no greater estate passed by his deed.

LITCHFIELD COUNTY, AUGUST TERM, A. D. 1781.

GOODWIN v. HARRISON.

In an action for giving her a dose, the mother allowed to relate what the plaintiff told the next morning.

ACTION of the case, for giving her a dose in some toddy, to intoxicate and inflame her passions. On trial upon the plea of not guilty to the jury, the plaintiff's mother was offered as a witness to testify what the daughter's complaints were when she first saw her the next morning, after the affair happened, and what she said about it; this was objected to, as being hearsay from the plaintiff, and therefore not admissible; but by the court, the mother was allowed to relate what the plaintiff